# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

USHANGO OWENS,

    Plaintiff,

v.

CHIEF JUSTICE SMALLS, et al.,

    Defendants.

: Civ. No. 19-384-LPS
: Related to Justice of the Peace Court of the State
: of Delaware in and for Sussex County
: Crim.A. No. 1901010174

Ushango Owens, New Castle, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

June 19, 2019
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ushango Owens ("Plaintiff") improperly filed this action as a combined notice of removal of a criminal matter under 28 U.S.C. §§ 1331, 1332, and 1441(a) and a civil rights claim under 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) Although the case has not yet been screened, Defendants have filed a motion to dismiss. (D.I. 7) It is unopposed. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The initial pleading states that a criminal matter was commenced against Plaintiff on January 17, 2019. (D.I. 2 at 1) It also alleges a violation of Plaintiff's First Amendment rights. (*Id.* at 2) The Court takes judicial notice that on January 17, 2019, Plaintiff caused a disturbance in a courtroom at the New Castle County Courthouse (i.e., the Leonard Williams Justice Center) when he became "agitated and refused to comply" with an order by the Chief Judge who had set cash bail. (*See* D.I. 9 at 32) Plaintiff refused to cooperate during an attempt to handcuff him, and two Court of Common Pleas bailiffs were injured during a subsequent attempt to handcuff him. (*Id.* at 31-32) Plaintiff was arrested and arraigned the same day in the Justice of the Peace Court of the State of Delaware in and for Sussex County, bail was set, and he was released. (*Id.* at 34, 36, 38; *see also State of Delaware v. Owens*, Crim.A. No. 1901010174 (Del. J.P. Court))

When Plaintiff appeared in the Justice of the Peace Court, he was informed of his right to be tried in the Court of Common Pleas, which he elected to do. (*Id.*) Plaintiff was also was advised of the charges against him (two counts of assault third degree and one count of disorderly conduct). (*Id.* at 37) The criminal case was transferred to the Court of Common Pleas for the State of Delaware in and for New Castle County on January 28, 2019, and arraignment set for March 8,

1

2019. (*Id.* at 26; *see also State of Delaware v. Owens*, Crim.A. Nos. MN19103506, MN19103507, MN19103508 (Del. Ct. Comm. Pleas)) Based upon documents Plaintiff submitted with his combined notice of removal and Complaint, he seeks to remove *State of Delaware v. Owens*, Crim.A. No. 1901010174 (Del. J.P. Court) -- not *State of Delaware v. Owens*, Crim.A. Nos. MN19103506, MN19103507, MN19103508 (Del. Ct. Comm. Pleas). (*See* D.I. 2-1 at 1)

In the Complaint Plaintiff alleges that the "Magistrate was never a member in good standing of the State Bar of Delaware, and consequently, he was never qualified to be appointed to the office of United States Magistrate Judge in the First instance." (D.I. 2 at 2) The pleading does not identify this magistrate. Plaintiff also alleges that "his claim to the office of New Castle County Chief Justice Judge now assumes facts not in evidence." (*Id.*) Presumably this allegation refers to Defendant Chief Justice Smalls ("Judge Smalls") who is the Chief Judge of the Court of Common Pleas. *See* https://courts.delaware.gov/commonpleas/judges.aspx (last visited June 13, 2019). Plaintiff alleges that he has been unable to obtain Judge Smalls' certificate of oath indorsed upon his license to practice law in the State of Delaware as mandated by the Delaware Business and Professions Code. (*Id.*) CCP Court Bailiffs are named as defendants in the caption of the initial pleading.

Defendants are sued in their individual and official capacities, and Plaintiff seeks one million dollars in damages. (*Id.* at 2)

## III. REMOVAL

### A. Legal Standards

In order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed

2

originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

**B.  Discussion**

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. *See* 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

There are no assertions that provide a basis for this Court's proposed exercise of subject matter jurisdiction. Nor are there allegations that Plaintiff cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The only thing referenced by Plaintiff is the vague reference to his right to free exercise of religion under the First Amendment. The notice of removal simply does not lead to the conclusion that Plaintiff cannot enforce any asserted rights in state court. *See In re Weddington*,

3

2008 WL 686381; *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). Moreover, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. For the above reasons, the Court will summarily remand the criminal matter.[1]

## IV.  CIVIL RIGHTS ACTION

### A.  Legal Standards

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a

---

[1] Removal is also untimely. Under 28 U.S.C. § 1455(b)(1), a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States District Court may enter an order granting defendant leave to file the notice at a later time. As discussed above, the notice of removal refers only to the Justice of the Peace Court case. Plaintiff's arraignment in the Justice of the Peace Court took place on January 17, 2019, but he did not file the notice of removal until February 26, 2019. Hence, the notice is untimely and his failure to timely file his notice of removal renders the removal procedurally defective. Nor has Plaintiff shown good cause for his failure to timely remove the case.

4

complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B.  Discussion

#### 1.  Eleventh Amendment

Plaintiff has named the State of Delaware as a defendant. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007).

Accordingly, the Court will dismiss the State of Delaware pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), as it is immune from suit.

#### 2.  Judicial Immunity

6

Judge Smalls, who presided over some of Plaintiff's criminal cases, is named as a defendant. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 456-57 (1978)

Here, the allegations against Judge Smalls appear to relate to the manner in which he presided over Plaintiff's criminal matters and, thus, preclude Plaintiff's claims against him. Therefore, Judge Smalls will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), as he is immune from suit.

### 3. Frivolous Pleading

While the Court construes *pro se* filings liberally, *Erickson*, 551 U.S. at 94, Plaintiff's Complaint states no cognizable causes of action. There is no discernable claim raised against any defendant. Moreover, the CCP Court Bailiffs are neither identified or mentioned in the Complaint. The Court finds that the Complaint contains claims that are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint may be dismissed as lacking basis in fact if premised upon allegations that are fanciful, fantastic, and delusional). After thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims are frivolous. Accordingly, the Court will dismiss the 42 U.S.C. § 1983 claims as frivolous pursuant to 42 U.S.C. § 1915(e)(2)(B)(i).

## V. CONCLUSION

7

For the above reasons, the Court will: (1) summarily remand this matter to the Justice of the Peace Court of Sussex County in and for the State of Delaware and, in the alternative, to the Court of Common Pleas of the State of Delaware in and for New Castle County; (2) dismiss the combined civil rights Complaint based upon Defendants' immunity from suit and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)and (iii); and (3) deny as moot Defendants' motion to dismiss (D.I. 7). The Court finds amendment futile.

An appropriate order will be entered.